UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:08-CR-191-KSF |
| | ) | No. 5:10-CV-7115-KSF |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| KRISTIN MARIE WELTE, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 5, 2010,[1] Defendant/Movant Kristin Marie Welte moved pro se for relief under 28 U.S.C. § 2255. *See* DE #179 (Pro Se Motion to Vacate). The United States responded in opposition on May 21, 2010. *See* DE #187 (Response in Opposition). Welte replied and, by leave of the Court, also submitted an amended reply. *See* DE #195 (Reply); DE #198 (Order granting leave); DE #199 (Amended Reply).

Having now considered the full record, and for the reasons articulated herein, the Court **RECOMMENDS** that the District Judge **DENY** section 2255 relief as to the sole ground raised by Welte. Additionally, the District Court should not grant a Certificate of Appealability.

**I. BACKGROUND**

On October 2, 2008, the Grand Jury indicted Welte on two counts of aiding and abetting bank robberies, by force, violence, and intimidation, in Falmouth and Cynthiana, Kentucky, all under 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. *See* DE #1 (Indictment) at Counts 5, 6. Just less

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Welte declared under penalty of perjury that she placed the motion in the prison mailing system on April 5, 2010. *See* DE #179 at 14.

1

than two months later, on December 1, 2008, Defendant/Movant moved for rearraignment on Count 6. *See* DE #66 (Motion for Rearraignment).

On December 12, 2008, Welte pled guilty to Count 6 of the Indictment. *See* DE #79 (Minute Entry); DE #103 (Transcript of Rearraignment) ("Tr."). The underlying plea agreement included a waiver of the right to appeal and attack collaterally the guilty plea, conviction, and sentence. *See* DE #80 (Plea Agreement) at ¶ 8. On March 20, 2009, District Judge Forester sentenced Defendant/Movant to 25 months of incarceration and two years of supervised release, plus restitution of $18,591 and a special assessment of $100.[2] *See* DE #124 (Judgment); DE #175 (Transcript of Sentencing) ("Sent Tr."). Prior to imposing sentence, Judge Forester calculated an advisory guideline range of 51 to 63 months, based on an offense level of 20 and criminal history category of IV. *See* Sent Tr. at 8 lns. 24-25; *id.* at 9 ln. 1. The District Court also granted an objection to the Pre-Sentence Report (PSR) and decided not to apply a two-point enhancement, under United States Sentencing Guidelines § 2B3.1(b)(2)(F), for threat of death. *See id.* at 8 lns. 6-10. Additionally, the District Judge granted a motion by the United States for sentencing departure. *See id.* at 3 lns. 3-13. Judge Forester characterized the ultimate sentence as "a substantial break." *See id.* at 12 lns. 20-21.

Welte filed no direct appeal. However, on April 5, 2010, Defendant/Movant submitted

---

[2] Based on this sentence, the Court calculates that Welte may now be out of prison. However, she has not updated her address in the record.
   The Court **ORDERS** the United States to ascertain Defendant/Movant's current address and file notice of same in the record **by Monday, June 6, 2011.** The Clerk of Court **SHALL** promptly update the docket and serve a copy of this Recommended Disposition on Welte at the address specified.
   In the future, Welte, like any party, must promptly inform the Clerk of Court of any address change.

the instant section 2255 motion. *See* DE #179. The motion argues four theories of ineffective assistance of counsel in relation to sentencing. *See id.* at 4, 5. Welte requests the Court to vacate and resentence her. *See id.* at 14.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, the Movant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 113 S. Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, the Movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill v. United States,* 82 S. Ct. 468, 471 (1962)). In making a section 2255 motion, Movant bears the burden of proving his or her contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

A reviewing court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements

of fact .'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court additionally recognizes the pro se status of Welte. Pro se motions receive a comparatively lenient construction by the Court. *See Castro v. United* States, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

## III. ANALYSIS

For the reasons described below, Welte's section 2255 motion fails because she entered into a valid waiver of her right to raise the arguments, none of which relate to the validity of the waiver itself. Notably, even if the waiver did not bar Defendant/Movant's claims, those claims would still yield no section 2255 relief.

A. Waiver

The Court finds the categorical collateral-attack waiver enforceable. When section 2255 motions do not articulate a basis for attacking the validity of a waiver or plea, the Sixth Circuit has upheld collateral-attack waivers if otherwise knowing and voluntary. *See, e.g.*, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006) (finding a movant's arguments, other than ineffective assistance and jurisdictional arguments, waived by a plea agreement); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (holding that a defendant waived his right to bring a section 2255 petition based on ineffective assistance of counsel not relating to the plea agreement). Only challenges to the validity of a guilty plea cannot generally be waived. *See, e.g.*,

*In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."). Here, Welte seeks to critique the performance of her counsel at sentencing, not contest the validity of her plea.[3] In fact, Defendant/Movant openly acknowledged entering into the plea agreement, including the waiver provision. *See, e.g.*, Tr. at 5 lns. 18-24.

Welte entered into the plea agreement with eyes wide open to the substance of the plea and its implications. The purpose of Rule 11 is to ensure that a defendant's guilty plea is knowing, intelligent, and voluntary, based on a complete record of factors analyzed by the court through interaction with the sworn defendant. *See McCarthy v. United States*, 89 S. Ct. 1166, 1170-71 (1969); *Phillips v. United States*, 519 F.2d 483, 485 (6th Cir. 1975).[4] The District Court carefully and deliberately proceeded through the Rule 11 colloquy with Defendant/Movant. *See*

---

[3] In her reply and amended reply, Welte urges the Court to void the waiver, arguing the waiver not to have been knowing and intelligent and protesting that the waiver concerned a **future** right and thus cannot be upheld. *See, e.g.*, DE #195 at 1-4; DE #199 at 1-4. However, in her original motion, Defendant/Movant made no such arguments. *See* DE #179. These self-interested protestations sound empty because the record establishes, via the Rule 11 colloquy, that the plea agreement was knowing, voluntary, and intelligent.

As noted, the Sixth Circuit regularly enforces collateral attack waivers that encompass sentencing issues. *See, e.g.*, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006); *Jones v. United States*, 120 F. App'x 594, 596 (6th Cir. 2005). Courts do suggest there are outer limits to waiver, indicating that waiver may not bar claims premised on, *e.g.*, a sentence above a statutory maximum, a sentence premised on a suspect classification such as race, or a sentence resulting from a complete denial of counsel. *See, e.g.*, *Osborne v. United States*, No. 1:07-CR-0057, 2010 WL 227821, at *3 (W.D. Va. Jan. 19, 2010) (slip copy) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994)); *Braxton v. United States*, 358 F. Supp. 2d 497, 500 (W.D. Va. 2005) (quoting *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000)). None of those extreme scenarios applies here.

[4] Supporting this statement of purpose, the Supreme Court has limited collateral attack on violations of Rule 11. *See, e.g.*, *United States v. Timmreck*, 99 S. Ct. 2085, 2087 (1979) (finding that a Rule 11 violation must be "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure" in order to be appropriate for collateral attack).

Tr. 3-13. This colloquy established Welte's plea, including the waiver provision, as knowing, voluntary, and intelligent. *See id.* at 13 lns. 1-7. Specifically, as to waiver, the colloquy proceeded as follows:

> THE COURT: Do you understand that pursuant to paragraph 8 of the plea agreement, that you waive your right to appeal and your right to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 7 lns. 11-16. The prosecutor likewise covered the waiver in his summary. *See* Tr. at 5. The agreement warrants Defendant/Movant's comprehension of all terms. *See* DE #80 at ¶ 13. The District Judge determined Welte to be fully competent and capable of entering an informed plea and determined the plea to be knowing and voluntary and supported by an independent basis in fact. *See* Tr. at 12 ln. 25; *id.* at 13 lns. 1-7.

The plea agreement itself further conclusively supports denial of section 2255 relief. Courts interpret plea agreements under principles of contract law. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) (citing *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002)); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). The waiver provision read as follows: "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." *See* DE #80 at ¶ 8. Defendant bargained for certain concessions and garnered a result, including dismissal of a charge against her, reflecting the bargain. Waiver of later collateral attack was part of that bargain. *See United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) (noting enforceability of such provisions as to future changes in existing law). Because Defendant/Movant knowingly, intelligently, and competently made the volitional waiver, the

Court must enforce the full bargain reached. Welte's section 2255 motion yields no relief. The waiver is enforceable, and Welte makes no credible attack on waiver validity.

B. Merits

Even if the valid waiver did not bar Welte's claims, her section 2255 motion would yield no relief on the merits. Counsel represented Defendant/Movant effectively in sentencing, resulting in a sustained objection to the PSR and an ultimate sentence well below the Guidelines range.

To establish ineffective assistance of counsel, a movant must show that counsel's performance was deficient and prejudicial. *See Strickland v. Washington*, 104 S. Ct. 2052 (1984). First, the burden falls upon the defendant to demonstrate that "counsel's representation fell below an objective standard of reasonableness." *See id.* at 2064. The errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *See id.* Here, the court's review of counsel's conduct is highly deferential and "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See id.* at 2065. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *See id.*

Second, to establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 2068. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."

*See id.* at 2066. Any increase in a sentence can constitute prejudice. *See Glover v. United States,* 121 S. Ct. 696, 700 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). Courts can approach the *Strickland* analysis in any order, and an insufficient showing on either prong under *Strickland* ends the inquiry. *See Strickland*, 104 S. Ct. at 2069.

The record indisputably refutes Welte's claims of constitutionally deficient performance by counsel. Defendant/Movant argues that her attorney's failure to explore, understand, and take the following actions constitutes ineffective assistance:

> (1) Argue for a minimal participant adjustment under USSG § 3B1.2(a) because Welte was only a passenger in the car;
>
> (2) Advocate under USSG § 5G1.3(c) for Defendant/Movant's federal sentence to run concurrently or partially concurrently with her then-unimposed state sentence;
>
> (3) Argue that, based on USSG § 4A1.3(b)(1), Welte should have had a lower criminal history score because certain "harassment convictions" only included misdemeanors for which she lacked effective representation and an inability to miss work and school to defend; and
>
> (4) Advocate under USSG § 5C1.1(e) for a twelve-month residential drug treatment program to take the place of imprisonment.

*See* DE #179 at 5. Her ineffective assistance claim thus has four sub-parts.

First, as the United States correctly notes, *see* DE #187 at 6-7, **Welte's counsel actually made one of the exact arguments that Defendant/Movant complains her attorney should have made**. Specifically, Welte's counsel advocated she should be sent to residential drug treatment, "rather than" prison. *See* DE #120 (Sentencing Memorandum) at 4. The District Court, which called the sentencing memorandum "very good," DE #175 at 13, recommended

8

that Welte participate in the residential drug treatment program while incarcerated, plus receive any appropriate mental health counseling. *See* Sent. Tr. at 13 lns. 17-20. This complaint from Defendant/Movant obviously has no merit. Even if counsel did not cite a specific Guidelines section, she presented the requested issue to the Court at sentencing.

Welte's counsel also made highly similar arguments to two of the other arguments that Defendant/Movant contends her attorney omitted. First, Welte's counsel argued that, given the circumstances of her three prior harassment convictions, those convictions should count as "disorderly conduct" offenses and not be considered for criminal history computation per USSG § 4A1.2(c). *See* DE #120 at 2-3. District Judge Forester found that argument unpersuasive. *See* Sent. Tr. at 5 lns. 12-25; *id.* at 6 lns. 1-2. That response notwithstanding, Defendant/Movant actually now argues that her counsel should have advocated for a downward departure, under USSG § 4A1.3(b), based on the same practical theory – the offenses were less serious than they appeared. Under the objectively reasonable standard of *Strickland*, Welte's attorney obviously need not have made that argument. A downward departure under section 4A1.3(b) requires "reliable information indicat[ing] that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *See* USSG § 4A1.3(b). At sentencing, Judge Forester found the harassment crimes to be serious and remarked directly that the harassment crimes suggested a likelihood of recurrent crime. *See* Sent. Tr. at 5 lns. 12-25; *id.* at 6 lns. 1-2. That Defendant/Movant wishes the District Court to have viewed those crimes differently does not mean that her attorney's decision not to ask for a downward departure under section 4A1.3(b) constitutes constitutionally ineffective assistance. Again, the attorney presented the substance in

9

a helpful manner, but simply did not persuade the sentencing judge.

Similarly, while Welte's counsel did not argue for a minimal-participant reduction under USSG § 3B1.2(a), counsel did successfully argue that Defendant/Movant participated minimally in the making of any death threat such that the threat of death enhancement should not apply. *See* Sent Tr. at 8 lns. 4-10. In discussing the threat of death enhancement, Judge Forester remarked, "On the other hand, here's your client sitting out in the car, and she had no way of knowing what he was going to do." *See* Sent. Tr. at 8 lns. 6-8. Out of context, this single remark might signal hope for Defendant/Movant's argument. However, as to the crime in general, Welte knew the robbery was going to occur, encouraged her then-boyfriend Pratt to commit the robbery, and took proceeds from the robbery. *See* Trans. at 11 lns. 2-25; 12 lns. 1-24. Reasonable counsel need not have made the section 3B1.2(a) motion because Welte admitted an active role in aiding and abetting the robbery, including encouraging the robbery and receiving a share of proceeds. On these facts, admitted under oath by Welte, an argument for a minimal role enhancement would not have been persuasive. In any event, Welte waived her right to move under section 3B1.2 as part of the plea agreement. *See* DE #80 at ¶ 7.

Welte's attorney, under the objectively reasonable *Strickland* standard, also need not have argued for her federal sentence to run concurrently or partially concurrently with her not-yet-imposed state sentence. In fact, relying on *United States v. Abro*, 116 F.3d 1480 (6th Cir. 1997) (table), the United States correctly argues that the District Court did not have authority to grant that relief to Welte, even if counsel had made the argument. *See* DE #187 at 7. The Sixth Circuit held explicitly that "[a] district court does not have the authority to impose a federal sentence to run concurrently to a state sentence that had not yet been imposed." *See Abro*, 116

10

F.3d at *1; *see also United States v. Means*, 124 F.3d 201, at *2 (6th Cir. 1997) (table) ("The law is clear that a federal district court does not have the power to impose a federal sentence to run concurrently with a state sentence that has not yet been imposed."). Defendant/Movant correctly identifies *Abro* as unpublished, *see* DE #199 at 7, but incorrectly characterizes the appellate court's holding as dicta. *See id.* The record indicates that any state term of imprisonment had not been imposed at the time of federal sentencing. *See* Sent. Tr. at 10 lns. 23-25; 11 ln. 1 ("Further, Your Honor, I believe that Ms. Welte is here on a writ so she will go back to state custody for prosecution on other charges at the conclusion of this proceeding."). Counsel did not provide constitutionally ineffective representation by not making an argument in direct opposition to Sixth Circuit precedent.

As described, Welte receives no section 2255 relief because she entered into a valid and enforceable waiver provision, which bars her ineffective assistance of counsel argument. Even if no bar existed, however, her contentions fail under the *Strickland* standard.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v.*

*Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

On the instant record, no Certificate of Appealability should issue. No reasonable jurists would debate that Welte entered into a valid waiver provision, which bars her from advancing the section 2255 claim. That waiver notwithstanding, her ineffective assistance of counsel allegations relative to sentencing do not carry even reasonably debatable merit.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant/Movant's motion for section 2255 relief. Because the filings and records establish conclusively that Welte should receive no section 2255 relief, the Court need not conduct an evidentiary hearing. The Court also recommends that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 2d day of June, 2011.

Signed By:
Robert E. Wier
United States Magistrate Judge